IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUENTIN SUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-0944-MJR |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| BETSEY SPILLER, | ) |
| CHRISTINE BROWN, and | ) |
| DR. SHAH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Quentin Suggs is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Suggs has filed a complaint under 42 U.S.C. § 1983, alleging that medical staff and prison officials at Pinckneyville have failed to provide proper treatment for his chronic hemorrhoid condition from at least 2015 to the present. (*Id.* at 5-7.) Suggs seeks punitive and compensatory damages. (*Id.* at 6.)

This matter is now before the Court for a review of Suggs' complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim" or if it "seeks monetary relief from a defendant who is immune."

**Background**

According to Suggs' complaint and the grievances he attached to it, Suggs has been incarcerated at Pinckneyville since at least 2015. (Doc. 1-1 at 3.) From early 2015 to June 2015, Suggs met with Dr. Shah about his chronic hemorrhoid problem, and while Dr. Shah did not completely ignore his problem during those visits, he persisted in the use of "medication and hemorrhoidal creams" and other treatment that had no effect on his condition. (*See id.* at 3-4.) Dr. Shah's attitude towards treatment evidently continued into late 2015—Suggs saw Dr. Shah again on October 19, 2015 and reported that his hemorrhoids were flaring, and Dr. Shah told Suggs that the next time his condition flared up that he should "stick [his] but[t] in the toilet." (*Id.* at 6.) Suggs told Dr. Shah that he could not fit his backside into the toilet, but Dr. Shah suggested a sitz bath and then told Suggs that he could leave. (*See id.*)

On January 28, 2016, Suggs saw Dr. Scott, another physician at the prison, and told him that he had not received the medications that Dr. Shah had prescribed for some time and that the medications that he had received were not working. (*Id.* at 1.) Suggs also told Dr. Scott that he had requested through Dr. Shah to be sent to an outside hospital, but that request was denied. (*Id.*) Dr. Scott gave Suggs the medications that Dr. Shah had previously prescribed and he was slated to see Dr. Scott again in February 2016. (*Id.* at 2.) Suggs saw Dr. Scott two more times and, when Suggs told Dr. Scott that the medications still were not helping him, Dr. Scott wrote a "note for general surgery." (*Id.*) On March 7, 2016, the order for general surgery was denied by unspecified officials at Pinckneyville. (*Id.*) On October 19, 2016, Suggs saw Dr. Shah again, and while the complaint is a bit vague about the content of that meeting, Suggs apparently complained to Dr. Shah about the pain caused by his hemorrhoid condition, his need to have surgery to treat his condition, and the ongoing ineffectiveness of the medications that had been

used to date. (*See* Doc. 1 at 5.) Again, while the complaint is unclear, it appears as if surgery was denied again by Dr. Shah and that there was no change in treatment. (*See id*.)

Throughout his tenure at Pinckneyville, Suggs claims that he filed grievances concerning his hemorrhoid care. (*Id.* at 4.) Unsatisfied with the prison's response, he filed suit in this Court on August 24, 2016. Before the Court could conduct a threshold review of his complaint, the Court advised Suggs that his complaint could not be assessed because it was unsigned. (Doc. 7.) Suggs has since submitted a signed complaint, so his case is ready for threshold review.

## Discussion

The Court begins its § 1915A review with a note about the parties at issue in this case. In the grievances attached to his complaint, Suggs references the conduct of Dr. Scott, who seems to have provided some treatment for Suggs in early 2016. Because Dr. Scott is not listed in the caption or the defendant list, he will not be treated as a defendant in this case, and any claims against him should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

Turning to the substantive allegations in Suggs' complaint, the Court finds it proper to divide the claims in the complaint into the following counts. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court.

> **COUNT 1:** From 2015 to October 2016, Dr. Shah failed to properly treat Suggs' hemorrhoid condition, in violation of the Eighth Amendment of the United States Constitution.
>
> **COUNT 2:** From 2015 to October 2016, Lashbrook, Spiller, and Brown failed to properly treat Suggs' hemorrhoid condition, in violation of the Eighth Amendment of the United States Constitution.

Suggs' complaint begins with allegations linked to Dr. Shah's medical care, so the Court will start there (**Count 1**). The Eighth Amendment of the United States Constitution bars the

cruel and unusual punishment of prisoners, and prison officials violate this proscription "when they display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). To bring an Eighth Amendment medical claim, a prisoner has two hurdles to clear: he must first show that his medical condition is "objectively" serious, and he must then allege that the medical professionals that he has named as defendants acted with the requisite state of mind. *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).

For screening purposes, Suggs has alleged the existence of an objectively serious medical condition. An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Factors that indicate a serious condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Suggs' hemorrhoid condition qualifies as serious at this early stage. *See id.* at 1372 n.7.

Suggs has also sufficiently alleged that Dr. Shah acted with deliberate indifference at the screening stage. To be sure, "medical malpractice, negligence, or even gross negligence" by a physician "does not equate to deliberate indifference," *Johnson v. Doughty*, 433 F.3d 1001, 1012-13 (7th Cir. 2006). Because deliberate indifference is such a demanding state of mind requirement, there is no constitutional violation merely because a physician's treatments ultimately prove ineffective, *Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008), nor is there a constitutional violation solely because a doctor refuses to give a prisoner the exact treatment he wishes, *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). That said, deliberate

indifference can exist if a professional's decision represents "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). It can also exist when an official fails to provide any treatment for a medical condition, *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010), when an official persists with ineffective treatment for a medical problem, *Greeno*, 414 F.3d at 655, or when an official delays medical treatment or needlessly prolongs a prisoner's pain, *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). While Suggs' complaint is sometimes light on specific dates and content concerning Dr. Shah's treatment, when the complaint and the grievances attached to it are construed liberally and all inferences are drawn in Suggs' favor, Suggs says that Dr. Shah pressed forward with ineffective treatment for his hemorrhoid problem and suggested treatment through a toilet that might be so outlandish as to not constitute medical treatment at all. Those allegations, taken together, are just enough to give Dr. Shah notice of Suggs' claim and to state a claim for indifference at this phase, so **Count 1** will proceed.

Suggs also claims that Administrator Brown, Warden Lashbrook, and Warden Spiller all violated his rights by denying his requests for additional hemorrhoid care (**Count 2**). As the Court already said, Suggs' hemorrhoid problem qualifies as objectively serious at this stage of the case, so the only question is whether those individuals were deliberately indifferent to Suggs' hemorrhoid problem. Suggs' complaint and the grievances attached to it do not include enough information about his interactions with those officials to indicate deliberate indifference on their part. Suggs only suggests, in an extremely vague fashion, that he told the three of his need for care but that the three denied some or all his requests. He does not lay out when he communicated with the wardens or with Administrator Brown, nor does put forth the content of

his communications with the three of them. Without that information, he has not put forth enough factual information to allow those three defendants to capably respond to his complaint, nor has he included enough information to push a claim of deliberate indifference against them from the realm of possibility to the solid ground of plausibility. *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). **Count 2** must be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against **SHAH**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED without prejudice**. Because there are no further claims against them, **LASHBROOK**, **SPILLER**, and **BROWN** are **DISMISSED without prejudice** from this case.

**IT IS FURTHER ORDERED** that Suggs' motion for service of process (Doc. 3) is **GRANTED**. The Clerk of Court shall prepare for Defendant **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the Defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the Defendant or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent.*

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this action without being required to prepay fees and costs, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 21, 2016**

**s/ MICHAEL J. REAGAN**
**MICHAEL J. REAGAN**
**United States District Judge**
